**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUBIHANTO HARDJOHUBOJO, | No. 09-70359 |
| Petitioner, | Agency No. A098-848-573 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN and LEAVY, Circuit Judges.

Subihanto Hardjohubojo, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Hardjohubojo converted from Islam to Catholicism over 45 years ago and does not contend he suffered past persecution or that he was ever harmed in Indonesia on account of his religion. However, based on information he read online while visiting the United States, he now fears he will be persecuted in the future by Muslim extremists because of his religion. Substantial evidence supports the agency's denial of asylum because a claim based solely on general civil strife or widespread random violence is not sufficient. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc) ("a general, undifferentiated claim of [violence] does not render an alien eligible for asylum"). We reject Hardjohubojo's request to remand in light of *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), because he failed to argue to the agency, and does not argue to the court, that he experienced any harm on account of his religion other than some discrimination. Accordingly, Hardjohubojo's asylum claim fails.

Because Hardjohubojo failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Hardjohubojo failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**